Paul BURNS, Respondent,

v.

John G. HALES et al., Appellants.

No. 23598.

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1962.

Frank L. Pulley, Cameron, for appellants.

Melvin E. Griffin, Cameron, for respondent.

BROADDUS, Judge.

Plaintiff, Paul Burns, filed suit against Dennis Hales on an alleged oral contract for overtime work and for transportation costs. Prior to the trial Mr. Hales died and the cause was defended by John G. Hales, et al., as executors of the estate. A jury being waived, the cause was tried to the court resulting in a judgment in plaintiff's favor for $6,348 plus interest of $1,333.08 or a total of $7,681.08. The executors have appealed.

Plaintiff and Dennis Hales entered into two written contracts which provided that plaintiff was to operate and manage farms belonging to Mr. Hales and was to be paid $150 per month, was to be furnished a cow, a garden spot, a house in which to live, chicken feed, etc. The first contract was dated October 15, 1951, and provided that plaintiff was to begin work January 1, 1952. The second contract was dated December 23,

1955, and contained this provision: "This contract takes the place of a contract dated the 15th day of October, 1951. The old contract calls for a final settlement January 1, 1957, but this is to be extended to January 1, 1959. The old contract called for a *base wage* to the second party (Burns) of $150 per month but through an error this was increased to $160 per month." (Italics ours)

Plaintiff offered evidence tending to show that at the time the first written contract was entered into between himself and Dennis Hales (now deceased) they orally agreed that a working day would be nine hours and that the plaintiff would be paid $1 per hour for overtime work and $1.50 per day for transportation costs in traveling from farm to farm in his car on each working day. The testimony also shows that plaintiff Burns was paid for overtime work for the year 1952, and at the end of that year the parties agreed that the overtime pay and the transportation costs would be paid at the end of the contract period. Plaintiff performed overtime work of at least two hours per day, and furnished his own transportation six days per week during the period beginning October 15, 1951, and ending March 15, 1958.

The testimony also disclosed that in 1953 Dennis Hales acknowledged the oral contract with and in the presence of Plaintiff to another employee, Jewell Wrex, and inquired of Wrex if he, Wrex, would like to let his overtime and transportation pay "ride the same way Paul (plaintiff) was going to do. He (deceased) said Paul was going to do it so he would have more at the end when it came time to settle up."

Defendants contend that the trial court erred in receiving parol testimony which, they assert, tended to vary the terms of the written instruments, and also erred in finding that a separate oral contract was entered into between the parties.

The law is well settled that a collateral oral agreement may be entered into independent and apart from a written contract if it does not vary or alter the written contract. Bittner v. Crown Shoe Manufacturing Co., Mo.App., 340 S.W.2d 142; Bay v. Elmer, Mo.App., 237 S.W.2d 932; 20 Am. Jur., Evidence, Sec. 1140, p. 992.

We think it is clear from the evidence appearing in the transcript that the parties by their words and acts, both contemporaneous with and subsequent to the written contracts treated the matter of overtime working hours and transportation expenses as being separate and apart and collateral to the written contracts. The fact that the parties used the term "base wage" in the contract dated December 23, 1955, is a clear indication that they intended that additional compensation would be paid plaintiff for extra services and expenses.

We are of the opinion there was substantial evidence showing that the parties entered into a separate oral contract which did not alter or vary the terms of the written contracts. This being a court-tried case, we are enjoined by the statute from setting aside the judgment unless the same is "clearly erroneous." Sec. 510.310 V.A. M.S., 1949. Certainly we would not be justified in so holding.

The judgment is affirmed.

All concur.